UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NASHROLLAH GASHTILI, an individual, and INTEGRATED DYNAMICS SOLUTIONS, INC., a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JB CARTER PROPERTIES II, LLC, a Nevada limited liability company, et al.,<br><br>Defendants. | Case No. 2:12-cv-00815-MMD-PAL<br><br>[Consolidated with Case. No. 2:12-cv-1156-MMD-PAL]<br><br>ORDER<br><br>(Motion for Judgment on the Pleadings or Motion for Summary Judgment – dkt. no. 29) |

**I.    SUMMARY**

Before the Court is Consolidated Defendants Nasrollah Gashtili and Integrated Dynamics Solutions, Inc.'s ("Counter Defendants") Motion for Judgment on the Pleadings or Alternatively Motion for Summary Judgment. (Dkt. no. 29.)

The background facts of this case are recounted in significant detail in the Court's prior Order. (Dkt. no. 42.) The Court previously dismissed all of IDS' state law claims and dismissed Gashtili as a plaintiff from this lawsuit. (*See* dkt. no. 42.) It also denied LLC's Motion for Preliminary Injunction, holding that LLC was not likely to succeed on the merits of its copyright infringement claim against IDS, Gashtili, and INC. (*See id.*)

Gashtili and IDS, in their capacity as Counter Defendants, now bring a Motion for Judgment on the Pleadings or Alternatively Motion for Summary Judgment, arguing that the Court should dismiss all of Carter/LLC's claims against them. (Dkt. no. 29.)

## II. LEGAL STANDARD

The Court construes the Motion as a Motion for Judgment on the Pleadings, and as such does not consider documents attached to Counter Defendants' Motion. *See Lonberg v. Freddie Mac*, 776 F. Supp. 2d 1202, 1206 (D. Or. 2011) ("Generally, a court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. There are three exceptions to this rule: 1) a court may consider documents properly submitted as part of the complaint on a motion to dismiss; 2) if documents are not physically attached to the complaint, incorporation by reference is proper if the document's authenticity . . . is not contested and the plaintiff's complaint necessarily relies on them; and 3) a court may take judicial notice of matters of public record.") (citations and quotation marks omitted)).

A Fed. R. Civ. P. 12(c) motion for judgment on the pleadings utilizes the same standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted in that it may only be granted when it is clear to the Court that "no relief could be granted under any set of facts that could be proven consistent with the allegations." *McGlinchy v. Shull Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (citations omitted). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the well-pled facts in a complaint, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).

## III.     DISCUSSION

### A.     Whether Carter had the Authority to Bring Suit

Counter Defendants assert that Carter improperly brought suit on behalf of LLC, and, accordingly, LLC has no standing in this lawsuit. The Court agrees.

As an initial matter, it is hornbook law that an individual member of an LLC has "no interest in specific LLC property, and only has standing to bring a derivative action[.]" 48 A.L.R.6th 1 (2009) (citing *Ismart Int'l Ltd. v. I-Docsecure*, LLC, C-04-03114 RMW, 2005 WL 588607, at *7 (N.D. Cal. Feb. 14, 2005)).

Moreover, the parties agree that LLC does not have a valid operating agreement (*see* dkt. nos. 29 at 5; 34 at 18; *see also* dkt. no. 29 at 14, ¶ 6), and as such, Nevada's statutory framework for limited liability companies applies to this case.

NRS § 86.291 holds that:

> Except as otherwise provided in this section or in the articles of organization or operating agreement, management of a limited-liability company is vested in its members in proportion to their contribution to its capital, as adjusted from time to time to reflect properly any additional contributions or withdrawals by the members.

Desiring to sue Counter Defendants, Carter had two options: (1) obtain approval for this lawsuit from LLC's members based on their proportional interest; or (2) bring a derivative lawsuit on behalf of the corporation. *See Rivers v. Wachovia Corp.*, 665 F.3d 610, 615 (4th Cir. 2011) (noting that derivative lawsuits allow shareholders to "assert the rights which the corporation has" when corporate management fails to bring suit.) (*quoting Meyer v. Fleming*, 327 U.S. 161, 167 (1946)).

///
///
///
///

First, the Complaint establishes that Carter/JB is not a majority member of LLC because it states that JB only owns 44% of LLC.[1] (Case no. 2:12-cv-01156-MMD-PAL, dkt. no. 1 at ¶ 29.) Therefore, Carter had to obtain the approval for filing this lawsuit from other members so that a majority interest in LLC agreed to file suit. But the Complaint does not allege that Carter obtained such approval. (*See id.*)

Second, the Complaint does not allege that this suit was properly brought as a derivative action. Under N.R.S. § 483, a non-majority member may bring a derivative action on behalf of an LLC if managers or members with the authority to do so have refused to bring the action, or if an effort to cause the other members and/or managers to bring the action would not likely succeed. The Complaint does not allege that either occurred here. In fact, the Complaint is completely devoid of any allegations regarding the derivative nature of this lawsuit. In opposition, Carter cites to "derivative allegations" contained in his 2009 state court case. (Dkt. no. 31-1 at ¶¶ 19-23.) Yet those allegations concern an entirely different lawsuit, and cannot be construed as part of Carter's Complaint in this action.

Carter's Complaint fails to plead facts sufficient to demonstrate that LLC's management brought this lawsuit on behalf of the corporation or that Carter satisfied the prerequisites for bringing this lawsuit as a derivative action. Accordingly, the Complaint must be dismissed.

B.    **Amendment**

Should the Court grant Counter Defendants' Motion, Carter requests leave to amend his Complaint.

Although leave to amend a complaint is liberally granted under Fed. R. Civ. P. 15, "leave to amend need not be granted if the proposed amended complaint would subject to dismissal." *Bellanger v. Health Plan of Nev., Inc.*, 814 F. Supp. 914, 916 (D. Nev.

---

[1] Carter's Complaint is dkt. no. 1 in Case No. 2:12-cv-01156-MMD-PAL. All references to the docket are to the lead case, 2:12-cv-00815-MMD-PAL, unless otherwise noted.

4

1992) (*citing United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Insurance Corp. of Am.*, 919 F.2d 1398 (9th Cir.1990); *see also Johnson v. Am. Airlines*, 834 F.2d 721 (9th Cir. 1987) (stating that "courts have discretion to deny leave to amend a complaint for 'futility', and futility includes the inevitability of a claim's defeat on summary judgment.")

The parties disagree regarding whether or not Carter should be allowed to file an Amended Complaint. Counter Defendants point to the Brown Declaration and other evidence not considered by this Court on the Motion for Judgment on the Pleadings to argue that amendment would be futile, because Carter cannot demonstrate that he has standing to bring this suit. However, as the documents pointed to by Counter Defendants were not considered by the Court on the Motion for Judgment on the Pleadings, this argument is not persuasive.  Despite this, for the reasons below, the Court agrees with Counter Defendants that granting leave to amend would be futile.

### 1.   Copyright Infringement and Declaratory Relief Claims

Counter Defendants also argue that amendment is futile because the Court has determined that Carter is unlikely to succeed on the merits of his claims. The Court determined that LLC was unlikely to succeed on its copyright infringement claims because (1) the parties agreed that no written copyright transfer document existed transferring the at-issue copyright to LLC; and (2) there was no evidence that the at-issue copyrights were created as a work-for-hire for LLC. (Dkt. no. 42 at 11; *see also* dkt. no. 34 at 6, lines 6-7.)  Rather, LLC asserted then, as it does now in its Opposition Brief, that the cash access system software was commissioned by *INC.*, not LLC. (*See id.*; dkt. no. 34 at 3.)  Therefore, even if the cash access system software was a work for hire, it was done for INC., not LLC, and belongs to INC. absent a valid, written transfer, which all parties agree does not exist here.  (*See* dkt. no. 42 at 11.)

As stated in the Court's Order regarding LLC's Motion for Preliminary Injunction, "the law couldn't be clearer. . . [w]hile the copyright owner can sell or license his rights [in the copyrighted work] to someone else, section 204 of the Copyright Act invalidates a

purported transfer of ownership unless it is in writing." *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 556 (9th Cir. 1990); *see also* 17 U.S.C. § 204(a) ("A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent."). Without a written transfer of ownership LLC does not own the at-issue copyright, and cannot bring suit for copyright infringement. *See Swirsky v. Carey*, 376 F.3d 841, 844 (9th Cir. 2004); *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1162 (9th Cir. 1977); *see also* 17 U.S.C. § 106. In his Opposition Brief, Carter claims that LLC "also paid IDS to develop the Copyright Asset," but this assertion goes against the parties' prior representations to the Court and Carter's Complaint, and is impossible given the undisputed timeline in this action. That is, IDS and/or Gashtili had already built and developed the cash access system in 2006, *before* soliciting Carter/JB's investment in November 2007, and *before* LLC was ever formed (also in 2007). (*See* case no. 2:12-cv-01156-MMD-PAL, dkt. no. 1 at ¶¶ 17-30.)

For this reason, the copyright infringement claim and related declaratory relief cause of action in Carter's Complaint are dismissed without leave to amend.

### 2. Unfair Competition and Conversion Claims

#### a. Unfair Competition

Carter's state law unfair competition claim is preempted by federal copyright law. "A state law cause of action is preempted by the Copyright Act if two elements are present." *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998). "First, the rights that a plaintiff asserts under state law must be 'rights that are equivalent' to those protected by the Copyright Act." *Id.* (*citing* 17 U.S.C. § 301(a); 1 Nimmer, § 1.01[B] at 1-11). "Second, the work involved must fall within the 'subject matter' of the Copyright Act as set forth in 17 U.S.C. §§ 102 and 103." *Id.* (citations omitted). The work involved here has obtained copyright registration, and thus meets the second prong of the test. Moreover, the Complaint states that the unfair competition claim is related to the

copyright infringement claim, and it is clear from the Complaint that Carter is attempting to assert the same rights as under the copyright infringement claim. (*See* Case. no. 2:12-cv-01156-MMD-PAL, dkt. no. 1 at ¶¶ 61-66.)  In fact, the unfair competition claim seeks remedies and damages under the Copyright Act (*id.* at ¶ 66). Thus, the unfair competition is preempted by 17 U.S.C. § 301.

This cause of action is dismissed without leave to amend.

### b. Conversion

The conversion claim is also substantially related to the copyright claim, and granting Carter leave to amend the Complaint to re-plead this cause of action would be futile.  The conversion claim is predicated on LLC being the owner of the casino cash access software (*see* Case. no. 2:12-cv-01156-MMD-PAL, dkt. no. 1 at ¶ 68), but as described herein and in the Court's Order regarding the Motion for Preliminary Injunction (dkt. no. 42), the Court has already determined that it is impossible for LLC to be the owner.  Therefore, this cause of action is dismissed without leave to amend.

## IV. CONCLUSION

IT IS HEREBY ORDERED that Counter Defendants' Motion for Judgment (dkt. no. 29) is GRANTED.

Carter's Complaint (Case. no. 2:12-cv-01156-MMD-PAL, dkt. no. 1) is DISMISSED WITH PREJUDICE. All counterclaims in this consolidated action are HEREBY DISMISSED.

The Clerk of the Court is HEREBY ORDERED to terminate IDS, Gashtili, and Fastran, Inc. as Defendants and/or Consolidated Defendants in this case.

DATED THIS 23rd day of April 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE